UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.	Case No. 04-73603

KENNETH WILLIAMS,	Honorable Patrick J. Duggan

    Defendant.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on MAY 26, 2005.

PRESENT:	THE HONORABLE PATRICK J. DUGGAN
	U.S. DISTRICT COURT JUDGE

This is a student loan case in which the Government seeks to collect $2,137.09 plus interest from Defendant Kenneth Williams. On April 13, 2005, the Government filed its Motion for Summary Judgment. On April 19, 2005, Defendant, proceeding *pro se*, filed a Response to the Government's Motion. For the reasons stated below, the Government's Motion is denied.

**I.	Background**

Defendant Kenneth Williams was enrolled at New Mexico Highlands University in 1982 and 1983. Defendant funded his education with Perkins Loans, which are low or no-

interest loans offered to students by the federal government. The Perkins Loan in this case was secured by a promissory note that bound the student to begin repayment of the loan six months after dropping to less than one-half the normal full-time course load. After six months elapsed, the student was required to begin payment of the loan or be in default.

An individual named Kenneth Williams signed two promissory notes in late-1982 and early-1983 for a total amount of $938.00 at an interest rate of 5% per year. The promissory notes indicated the student's name, address, and social security number (SSN) to be "Kenneth M. Williams, 19162 Prevost St., Detroit, MI 48325, SSN 359-**-****." (Compl. Ex. A). At some point in 1983, Williams ceased carrying at least one-half the normal full-time workload, and the University demanded payment according to the terms of the notes. Williams defaulted on the obligation. Due to this default, the University assigned all rights and title to the Department of Education pursuant to 20 U.S.C. § 1087cc(a)(5).[1] The Department of Education issued a "Certificate of Indebtedness," which contained personal information about Kenneth Williams identical to the personal information in the promissory notes. (Compl. Ex. A)

Defendant contends that he did not sign the promissory notes at issue. Defendant claims that a different Kenneth Williams signed the notes, because Defendant's middle initial is "W.", not "M.", and because Defendant's SSN is 369-**-****, not 359-**-****.[2]

---

[1] 20 U.S.C. § 1087cc(a)(5) provides, in pertinent part: "[I]f an institution of higher education determines not to service and collect student loans made available from funds under this part, the institution will assign, at the beginning of the repayment period, notes or evidence of obligations of student loans made from such funds to the Secretary..."

[2] It should be noted that the SSNs at issue are identical with the exception of the second digit. For confidentiality purposes, the Court is using *'s to refer to the remaining digits in the

Additionally, Defendant's consolidated credit report shows no prior address at 19162 Prevost, Detroit, MI 48325. (Def.'s Response to Mot. Ex. 1). Defendant argues that the Government is seeking to recover on the notes from the wrong Kenneth Williams.

Defendant admits that he took out student loans but contends that he repaid the amount of his loans in 1995 and offers as evidence a letter from New Mexico Educational Assistance Foundation, collection agent for the creditor New Mexico Highlands University, confirming that his original loan amount of $889.50 was repaid. This letter contains Defendant's correct name and correct SSN (appearing in the letter as the "Account Number") as they appear on Defendant's driver's license and Social Security Card.

The Government argues that the amount of $889.50 represents additional charges on Defendant's student account and that Defendant still owes the United States the loan amount under the 1982 and 1983 promissory notes.[3] The Government contends that while Defendant may have paid the debt on his student account, he has failed to repay his student loans from 8/23/82 and 1/20/83 and is in default under the terms of the promissory notes.

**II.   Standard of Review**

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no

---

SSNs.

[3]The Government submitted a 2002 letter and itemized bill from the New Mexico Highlands University documenting outstanding charges totaling $889.50 on the account of Kenneth M. Williams, 19165 Prevost, Detroit, MI 48235. Defendant once again contends that this letter and bill refer to a different Kenneth Williams. Defendant points out that the letter shows Kenneth Williams's date of birth as 1/1/60. According to Defendant's driver's license, Defendant's date of birth is 6/15/63.

3

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(c) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-324, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence…, " *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 , 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in supports of its opposition to the motion for summary judgment. *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

**III.   Analysis**

To prevail on its Motion for Summary Judgment to recover on the promissory notes, the Government must show: (1) Defendant signed the promissory notes, (2) the Government is the present owner or holder of the notes, and (3) the notes are in default. *See United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir. 2001); *see also United States v. Davis*, 28

4

Fed.Appx. 502, 503, 2002 WL 169603 , *1 (6th Cir. 2001). Here, the Government fails to satisfy the first prong of the test in *Lawrence,* resulting in denial of summary judgment.

A genuine issue of material fact remains as to whether the Defendant Kenneth Williams and the Kenneth Williams who signed the promissory notes are, in fact, the same individual. Kenneth Williams of Detroit, Michigan signed both promissory notes in 1982 and 1983 and printed his address as 19162 Prevost St., Detroit, Michigan 48325. (Compl. Ex. A). In addition, the promissory notes contain a typed version of the signatory's name and SSN: "Kenneth M. Williams" and "SSN 359-**-****."

Defendant provides evidence, in the form of a copy of his current Michigan driver's license and Social Security Card, that he is not Kenneth M. Williams with SSN 359-**-****, but that he is, instead, Kenneth *Wade* Williams with SSN 369-**-****. Although this Court is skeptical that there were two Kenneth Williams from Detroit, Michigan with SSNs distinguished by a single digit, born five months apart, attending New Mexico Highlands University during 1982 and 1983, the Government has failed to present enough evidence to eliminate these facts from the realm of genuine possibility. Alternatively, this Court acknowledges the possibility that Defendant Kenneth Wade Williams provided incorrect information regarding his middle name and social security number when the promissory notes were drawn up and signed in 1982 and 1983. Clerical error on the part of any number of parties may also explain the discrepancy between Defendant's personal information as it appears on his license and Social Security Card and the personal information on the promissory notes. Nevertheless, there is ambiguity regarding the student's identity.

Based on these facts, the Court considers Defendant's driver's license and Social

5

Security Card, which show a name and SSN similar but nonetheless clearly different from the name and social security number on the promissory notes, to be significantly probative evidence in support of Defendant's opposition to the Motion for Summary Judgment. Viewed in the light most favorable to the Defendant, the evidence before this Court is not sufficient to eliminate genuine issues of material fact regarding the identity of the Kenneth Williams who signed the promissory notes in default. In this Court's opinion, whether the promissory notes were signed by the Defendant is a material fact that remains undetermined.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:

Pamela S. Ritter, Esq.

Kenneth Williams
30515 Pennington Lane
Novi MI 48377